UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY LAMONT MAYES, #207535,

        Plaintiff,

v.

        CASE NO. 2:16-CV-10124
        HONORABLE PAUL D. BORMAN

MICHIGAN DEPT. OF CORR., et al.,

        Defendants.

_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND DIRECTING PLAINTIFF TO PROVIDE SERVICE COPIES

### I. INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Jeffery Lamont Mayes ("Plaintiff"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, alleges that he was, and is, being denied timely and proper medical care and housing accommodations for a nerve damage problem. He names the Michigan Department of Corrections ("MDOC"), Dr. Saith, RN Eves, Dr. Wright, and the prison nursing staff as the defendants in this action. He sues the defendants in their individual and/or official capacities and seeks monetary damages and injunctive relief. Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. *See* 28 U.S.C. § 1915(a)(1).

## II. DISCUSSION

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that portions of the complaint are subject to summary dismissal.

The claims against defendant MDOC must be dismissed. Plaintiff fails to allege facts demonstrating the personal involvement of the MDOC in the alleged denial of proper medical care and housing accommodations. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with

respect to the MDOC. Any assertion that the MDOC failed to supervise an employee, should be vicariously liable for an employee's conduct, erred in denying grievances or complaints, and/or did not sufficiently respond to the situation is insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff also does not allege facts showing that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).

Additionally, Plaintiff's claims for monetary damages against all of the defendants in their official capacities are subject to dismissal on the basis of immunity. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). Eleventh Amendment immunity

4

applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Because the defendants are employees of the Michigan Department of Corrections and are sued in their official capacities for damages, they are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages against the defendants in their official capacities must be dismissed.

Having reviewed the complaint and given the pleading standard for pro se actions, the Court finds that the claims for monetary damages against Dr. Saith, RN Eves, Dr. Wright, and the prison nursing staff in their individual capacities and the claims for injunctive relief against those same defendants concerning the alleged improper medical care and housing accommodations are not subject to summary dismissal. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (ruling that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment"). While Plaintiff may or may not ultimately prevail, he has pled sufficient facts to state potential claims for relief. Service of the medical care and housing accommodation claims upon the remaining defendants is therefore appropriate.

### III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted against the MDOC. Accordingly, the Court **DISMISSES WITH PREJUDICE** the claims against the MDOC.

The Court also concludes that the remaining defendants are entitled to Eleventh Amendment immunity on Plaintiff's claims for monetary damages against them in their official capacities. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims for monetary damages against the defendants in their official capacities.

The Court further concludes that the medical care and housing accommodations claims against defendants Dr. Saith, RN Eves, Dr. Wright, and the prison nursing staff are not subject to summary dismissal. Accordingly, the Court **DIRECTS** Plaintiff to provide the Court with **4 copies** of the complaint within **30 days** of the filing date of this order so that service may be effectuated upon the remaining defendants. The Court shall provide Plaintiff with one copy of the complaint, which should be returned to the Court with the additional copies. Failure to comply with this order may result in dismissal of this action.

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  January 25, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order and a copy of the complaint were served upon the plaintiff herein by first class U.S. mail on January 25, 2016.

s/Deborah Tofil  
Case Manager