UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY MAYES,

    Plaintiff,

            v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al*.,

    Defendants.
_____/

Civil Action No. 16-10124
Honorable Paul D. Borman
Magistrate Judge Elizabeth A. Stafford

# REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE

## I.    INTRODUCTION

In January 2016, Plaintiff Jeffrey Mayes, a prisoner acting *pro se*, filed a complaint under 42 U.S.C. § 1983 against the Michigan Department of Corrections (MDOC), two doctors ("Dr. Saith" and "Dr. Wright"), "RN Eves" and "Nursing Staff." [ECF No. 1]. The Honorable Paul D. Borman summarily dismissed the claims against the MDOC, leaving remaining the claims for monetary damages against the remaining defendants in their individual capacities. [ECF No. 5]. Subsequently, this matter was referred to this Court for all pretrial matters. [ECF No. 13]. For the reasons stated below, the Court **RECOMMENDS** that Mayes's complaint be **DISMISSED**

**WITHOUT PREJUDICE** for failure to prosecute because Mayes has not provided correct addresses to allow service on the defendants.

## II.   ANALYSIS

Mayes's service of process documents as to each defendant were returned unexecuted in March and April 2016. [ECF No. 8, 9, 10].  In September, Mayes filed a letter with the Court indicating that defendants Wright, Eves, Saith, and the nursing staff "need to be served through their employer, Corizon." [ECF No. 12]. He then filed a motion for execution of service, indicating that the defendants can be served at the address for Corizon's corporate headquarters in Missouri, at the Michigan address for Corizon, or "on the MDOC Headquarters" located in Lansing, Michigan. [ECF No. 14]. But Corizon Health had already stated that defendants Saith and Eves were not employed by them, so the Court agreed to attempt to serve them using the "MDOC Headquarters" address provided by Mayes. [ECF No. 14; ECF No. 15, PageID 68-69].  And since MDOC had indicated that it was not authorized to accept service on behalf of Wright, [ECF No. 8], the Court agreed to attempt to serve him at the Michigan address for Corizon that was provided by Mayes. [ECF No. 14; ECF No. 15, PageID 69].  Mayes was warned, "If service on these defendants is unobtainable using the addresses provided in Mayes' motion, he will be required to

provide correct addresses for the defendants or else they may be dismissed from the matter without prejudice." [ECF No. 15, PageID 69].

The efforts to serve the defendants failed; Corizon stated that Wright is no longer employed there, and no one at MDOC was authorized to accept documents on behalf of Eves or Saith.  [ECF Nos. 17-19]. Consequently, on November 16, 2016, Mayes was given until December 2, 2016, to provide new addresses for the three remaining named defendants in this matter. "Otherwise, the defendants may be dismissed without prejudice." [ECF No. 20, PageID 85].  Mayes did not respond or otherwise take any steps to advance the prosecution of his case.

Federal Rule of Civil Procedure 41 provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Indeed, Rule 41(b) authorizes the Court "to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir.2008); *see also Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) ("[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements.").  The local rules further provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing … the case unless good cause is shown."  E.D. Mich. LR 41.2.

Here, Mayes's failure to provide the Court with correct addresses to serve any of the defendants makes it impossible for this case to proceed.  It is true that, "[w]here a plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint."  *Spencer v. Bynum*, No. 13-13056, 2013 WL 4041870, at *2 (E.D. Mich. Aug. 8, 2013) (citing *Williams v. McLemore*, 10 F.App'x 241, 243 (6th Cir. 2001); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996);

Federal Rule of Civil Procedure 4(c)(2); 28 U.S.C. § 1915(d)).  But it is Mayes's responsibility to provide each defendant's correct address for service purposes, and the Court is not required "'to actively seek out the address of a defendant so that service can be effectuated' upon him or her."  *Spencer*, 2013 WL 4041870, at *3 (quoting *Fitts v. Sicker*, 232 F.App'x 436, 444 (6th Cir. 2007)).

Since Mayes has not fulfilled his responsibility to provide correct addresses for services despite being warned that failure to do could result in the claims against those defendants being dismissed, dismissal for lack of prosecution is warranted.

### III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE.**

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: January 11, 2017

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 11, 2017.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager
